**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001086
28-MAY-2014
10:11 AM**

NO. CAAP-12-0001086

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DEVENA C. TAVARES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-12-00236)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Devena C. Tavares (Tavares) appeals from the Judgment entered on November 20, 2012, in the District Court of the First Circuit (District Court).[1] Tavares was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS)

---

[1] The Honorable Clarence A. Pacarro presided.

§ 291E-61(a)(3) (Supp. 2013).[2] We affirm Tavares's conviction and sentence.

A police officer pulled Tavares over for speeding, after the officer's laser speed detection device revealed that Tavares's vehicle was traveling 67 miles per hour (mph) in a 50 mph zone. The officer subsequently arrested Tavares for OVUII. After placing Tavares under arrest, the officer read to Tavares a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Tavares agreed to take a breath test and refused a blood test. Tavares's breath test showed that she had a breath alcohol concentration of .101 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit. Tavares moved to suppress the results of her breath test, and the District Court denied her motion.

On appeal, Tavares challenges the District Court's denial of her motion to suppress. Tavares argues that because the police failed to give her Miranda warnings before reading the Implied Consent Form to her and obtaining her decision on testing, the results of her breath test should have been suppressed as the fruit of a Miranda violation. Tavares further argues that the results of her breath test should have been suppressed because: (1) the police misinformed her of her statutory right to an attorney under HRS § 803-9 (1993); (2) the police misinformed her of the sanctions for refusing to submit to testing; and (3) based on Missouri v. McNeely, --- U.S. ---, 133

---

[2] HRS § 291E-61(a)(3) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Tavares's complaint charged her with OVUII, in violation of HRS § 291E-61(a)(1) (Supp. 2013) and/or (a)(3), and alleged that she was subject to sentencing as a first offender in accordance with HRS § 291E-61(b)(1) (Supp. 2013). However, Plaintiff-Appellee State of Hawai'i (State) withdrew the HRS § 291E-61(a)(1) portion of the charge and only proceeded to trial on the alleged HRS § 291E-61(a)(3) violation.

S. Ct. 1552 (2013), the police violated her rights under the Fourth Amendment in obtaining the results of her breath test.

We recently rejected the same arguments in <u>State v. Won</u>, No. CAAP-12-0000858, --- Hawai'i ---, --- P.3d ---, 2014 WL 1270615 (Hawai'i App. Mar. 28, 2014) (as amended on May 2, 2014). Based on <u>Won</u>, we conclude that the District Court properly denied Tavares's motion to suppress, and we affirm Tavares's conviction and sentence under HRS § 291E-61(a)(3) and (b)(1).[3]/

DATED: Honolulu, Hawai'i, May 28, 2014.

On the briefs:

Jonathan Burge
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

_Craig H. Nakamura_
Chief Judge

Associate Judge

_Lawrence M Reifurth_
Associate Judge

---

[3]/ Although the State withdrew the HRS § 291E-61(a)(1) portion of the OVUII charge, <u>see</u> footnote 2, <u>supra</u>, the typed portion of the District Court's Judgment under "Violation Section" and its files erroneously indicate that Tavares was convicted of violating both HRS § 291E-61(a)(1) and (a)(3). We direct the District Court to file a corrected judgment that clearly reflects that Tavares was only convicted of violating HRS § 291E-61(a)(3), as a first offender under HRS § 291E-61(b)(1).